UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY TYRONE FOSTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. BURNES and T. CAMPBELL,<br><br>　　　　　Defendants. | Case No: 1:22-cv-00934-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL<br><br>(Doc. No. 13) |

Pending before the Court is Plaintiff's motion titled "Mandatory Disqualification or Recusal and Affidavit in Support Thereof (Magaistrate) [sic] Judge: Helena M. Barch-kuchta[,]" filed on July 14, 2023. (Doc. No. 13, "Motion"). Plaintiff brings the Motion under 28 U.S.C. §§ 144 and 455(b)(1). Liberally construed, Plaintiff seeks a recusal of the undersigned. For the reasons set forth below, Plaintiff's motion is denied.

**Recusal of Magistrate Judge**

Plaintiff's Motion appears to request that the undersigned recuse herself due to his belief that the undersigned is biased against him. (Doc. No. 13 at 1). This belief is based on the undersigned making findings and issuing rulings against him in this matter and another active prisoner civil rights matter, *Foster v. Kaweah Delta Medical Center et al.*, E.D. Cal. Case No. 1:21-cv-01044. (Doc. No. 13 at 1-3). Plaintiff brings the Motion both under 28 U.S.C. §§ 144 and 455(b)(1).

1

Title 28 U.S.C. § 455 provides that a "magistrate judge shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned" or "[w]here [she] has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a). "The standard for judging the appearance of partiality requiring recusal under 28 U.S.C. § 455(a) is an objective one and involves ascertaining 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008); *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991) (citations omitted). The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather is a "well-informed, thoughtful observer." *Holland,* at 913. "The standard '"must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."' *Holland*, 519 F.3d at 913. The court's analysis is "fact-driven" requiring "an independent examination of the unique facts and circumstances of the particular claim at issue." *Id*. at 914 (citation omitted). Thus, "except in the "rarest of circumstances," recusal under § 455(a) is limited to "extra judicial source" factors requiring the reason for recusal to be "something other than rulings, opinions formed or statements made by the judge during the course of trial." *Id*. (citing *Liteky v. United States,* 510 U.S. 540, 554–56 (1994)).

Title 28 U.S.C. § 144 provides that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . .

Title 28 U.S.C § 144. Although the statute provides for the assignment of a case to another judge to hear the disqualification proceeding once a timely and sufficient affidavit alleging bias or prejudice is proffered, it remains within discretion of the trial court to determine, at the outset, the legal sufficiency of the affidavit supporting the motion for disqualification of judge. *Holmes v. NBC/GE*, 925 F. Supp. 198, 201 (S.D.N.Y. 1996); *see also Harris v. Geico Gen. Ins. Co.*, 961 F.

1   Supp. 2d 1223, 1227 (S.D. Fla. 2013), *aff'd*, 619 F. App'x 896 (11th Cir. 2015). Accordingly, the
2   undersigned reviews Plaintiff's affidavit for sufficiency to determine whether another judge
3   should hear the motion.

4         The Ninth Circuit applies the same test for bias under both 28 U.S.C. §§ 144 and 455. *See*
5   *United States v. Olander*, 584 F.2d 876, 882 (9th Cir. 1978), *vacated on other grounds*, 443 U.S.
6   914, (1979). 28 U.S.C. § 144 contemplates an objective standard requiring recusal whenever a
7   reasonable person might question the judge's impartiality. *Matter of Beverly Hills Bancorp*, 752
8   F.2d 1334, 1341 (9th Cir. 1984). Bias for purposes of the statute must be from an extrajudicial
9   source, and not solely from information gained in the course of the proceedings. *United States v.*
10  *Grinnell Corp.*, 384 U.S. 563, 583 (1966); *United States v. Winston*, 613 F.2d 221, 223 (9th Cir.
11  1980). Unfavorable rulings alone are legally insufficient to require recusal, *Botts v. United*
12  *States*, 413 F.2d 41, 44 (9th Cir. 1969), even when the number of such unfavorable rulings is
13  extraordinarily high on a statistical basis. *See In re International Business Machines Corp.*, 618
14  F.2d 923, 929–30 (2d Cir. 1980).

15        Applying these principles to the instant matter, the Court finds Plaintiff's incorporated
16  affidavit insufficient to warrant assigning the motion to another judge. Notably, the only
17  evidence of bias or prejudice Plaintiff cites are rulings the undersigned made in this case and
18  another matter. (*See* Doc. No. 13 at 1-3). Plaintiff fails to identify any extra judicial source
19  factors to warrant a recusal, as required under both statutes. *See Grinnell Corp.*, 384 U.S. at 583;
20  *Winston*, 613 F.2d at 223. It is well-settled that unfavorable rulings alone are insufficient to
21  establish prejudice or bias. *See Botts*, 413 F.2d at 44. Nor does Plaintiff establish why this case
22  presents the "rarest of circumstances" where judicial rulings alone should provide a basis for
23  recusal under 28 U.S.C. § 455. *See Holland*, 519 F.3d at 914. Further, this case remains subject
24  to final adjudication by a United States District Court judge.

25  /////
26  /////
27  /////
28  /////

For the reasons stated above, the undersigned declines to recuse herself from this case.

Accordingly, it is **ORDERED**:

Plaintiff's motion for the undersigned to recuse herself (Doc. No. 13) is DENIED.

Dated:   July 27, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE