UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY TYRONE FOSTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. BURNES and T. CAMPBELL,<br><br>　　　　　Defendants. | Case No: 1:22-cv-00934-JLT-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL INCORPORATED IN FIRST AMENDED COMPLAINT<br><br>(Doc. No. 20-1) |

Pending before the Court is Plaintiff's second motion for recusal, (Doc. No. 20-1, "Motion") incorporated within Plaintiff's First Amended Complaint, (Doc. No. 20), filed on September 5, 2023. The undersigned previously denied Plaintiff's motion for recusal filed earlier on July 27, 2023. (Doc. Nos. 13, 14). Liberally construed, Plaintiff again seeks the recusal of the undersigned. For the reasons set forth below, Plaintiff's Motion is denied.

Plaintiff's requests the undersigned recuse herself due to his belief that the undersigned is biased against him. (Doc. No. 20 at 11). Without identifying any factual basis, Plaintiff asserts that the undesigned "appears to harbor racial bias" and suggests she is a "current white supremacist." (*Id*. at 10:6-7). As support, Plaintiff points to the undersigned making findings and issuing rulings against him in this matter and his other active prisoner civil rights matter, *Foster v. Kaweah Delta Medical Center et al*., E.D. Cal. Case No. 1:21-cv-01044. (Doc. No. 20 at 9-10).

////

1

## APPLICABLE LAW

Whether a federal judge must recuse oneself is governed by 28 U.S.C. § 455. Title 28 U.S.C. § 455 provides that a "magistrate judge shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned" or "[w]here [she] has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a). "The standard for judging the appearance of partiality requiring recusal under 28 U.S.C. § 455(a) is an objective one and involves ascertaining 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008); *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010). The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather is a "well-informed, thoughtful observer." *Holland,* at 913. "The standard '"must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *Holland*, 519 F.3d at 913. The court's analysis is "fact-driven" requiring "an independent examination of the unique facts and circumstances of the particular claim at issue." *Id*. at 914 (citation omitted). "Adverse findings do not equate to bias." *Johnson*, 610 F. 3d at 1147. Thus, "except in the "rarest of circumstances," recusal under § 455(a) is limited to "extra judicial source" factors requiring the reason for recusal to be "something other than rulings, opinions formed or statements made by the judge during the course of trial." *Id*. (citing *Liteky v. United States,* 510 U.S. 540, 554–56 (1994)).

## ANALYSIS

Applying these principles to the instant matter, the undersigned declines to recuse herself from this case. Notably, Plaintiff fails to identify any extra judicial source factors to warrant a recusal. Instead, Plaintiff provides only conclusory allegations regarding the undersigned's alleged racial bias, which is based on nothing more than speculation and thus is legally insufficient to establish a reasonable question of the unsigned's impartiality or bias. Moreover, this case remains subject to final adjudication by a United States District Court Judge and not the undersigned.

Accordingly, it is **ORDERED**:

Plaintiff's motion for the recusal of the undersigned (Doc. No. 20-1) is

DENIED.

Dated:   December 11, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE